[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-13336
Non-Argument Calendar
_____

D.C. Docket No. 1:18-cr-00069-MHC-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

JOE L. FLETCHER,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(November 8, 2018)

Before WILLIAM PRYOR, JILL PRYOR and GRANT, Circuit Judges.

PER CURIAM:

Joe Fletcher appeals his eight month sentence imposed after he pled guilty to possessing a cellular phone while an inmate at a federal prison, in violation of 18 U.S.C. § 1791(a)(2), (b)(4), and (d)(1)(F).  Fletcher asserts that the district court erred in denying his request for a two-level reduction in his offense level based on acceptance of responsibility.  *See* U.S.S.G. § 3E1.1(a).  We need not decide whether the district court erred in denying the reduction because any error was harmless.  We affirm.

## I.

Fletcher was incarcerated in the United States Penitentiary in Atlanta, Georgia after violating the terms of his supervised release imposed for his conviction of a separate crime.  While in the penitentiary, Fletcher obtained two smart phones.  He used one of the phones to access Facebook and posted a video showing that he had engaged in a 49-minute FaceTime video conversation with members of his family and others.  In the video, Fletcher bragged about his ability to obtain a phone inside any Bureau of Prisons facility.  He also implicated himself in an Ohio homicide.  After Fletcher posed the video, a corrections officer searched his cell and found the two smart phones.  The government also subpoenaed records from Facebook, which showed that Fletcher had accessed his Facebook account multiple times while in custody at the Atlanta penitentiary.

2

Fletcher was indicted for possessing a prohibited object while an inmate in a federal penitentiary in violation of 18 U.S.C. § 1791(a)(2), (b)(4), and (d)(1)(F). He pled guilty to the offense. While awaiting sentencing, Fletcher completed his original term of imprisonment. He was released on bond pending his sentencing on the possession of contraband charge. While on bond, Fletcher was subject to home detention and was required to submit to GPS location monitoring.

Less than two months after he was released on bond, the probation office filed a petition seeking to revoke Fletcher's presentencing release. The petition asserted that Fletcher had committed three violations of the conditions of his release. First, he failed to abide by the requirements of the home detention program, which required him to wear a tracker. Fletcher's probation officer had repeatedly reminded him to change the battery on his tracker every eight to ten hours. But Fletcher refused to do so and would change the battery only once every 24 hours. Although the battery in Fletcher's tracker never died, the probation office received multiple alerts about the low battery. Second, Fletcher engaged in new criminal conduct. Local police charged him with violating a temporary protection order after he sent multiple threatening text messages to a woman. Third, Fletcher used Facebook to try to contact an individual with a felony conviction.

Fletcher did not admit to violating the conditions of his bond.  But at the bond revocation hearing, he agreed to detention pending his sentencing.  Prior to the sentencing, the probation office prepared a presentence investigation report ("PSI").  The PSI calculated Fletcher's base offense level as six and applied no reduction for acceptance of responsibility.  The PSI stated that Fletcher had demonstrated no acceptance of responsibility because the incidents giving rise to his bond revocation showed that he had not voluntarily terminated or withdrawn from criminal conduct or associations.

At the sentencing hearing, Fletcher objected to the PSI's finding that he was entitled to no reduction in offense level for acceptance of responsibility.  *See* U.S.S.G. § 3E1.1.  The parties addressed whether the allegations that led to Fletcher's bond revocation supported a conclusion that he had not accepted responsibility.  Fletcher denied sending threatening text messages and attempting to contact a convicted felon through Facebook.  And he argued that even if he had failed to change the batteries in his tracking monitor frequently enough, this technical violation was insufficient to deny him a reduction for acceptance of responsibility.  Fletcher asked the court award him a two-level reduction for acceptance of responsibility, which would reduce the recommended range under the Sentencing Guidelines to two to eight months of imprisonment.

The government argued that Fletcher was entitled to no adjustment for acceptance of responsibility. It introduced into evidence a police report showing that a woman reported receiving threatening text messages from Fletcher. But the government conceded that it was not trying "to prove whether or not [Fletcher] actually did send these messages."[1] Doc. 38 at 7. And it introduced no evidence showing that Fletcher tried to contact a felon through Facebook. Instead, the government argued that Fletcher's repeated refusals to comply with the probation officer's instruction to change the battery on his tracker more frequently supported withholding a reduction for acceptance of responsibility.

After considering these arguments, the district court overruled Fletcher's objection and declined to give him credit for acceptance of responsibility. The court then adopted the remaining findings of fact and conclusions of law in the PSI. The court calculated Fletcher's total offense level as six, his criminal history category as IV, and his recommended range under the Sentencing Guidelines as six to twelve months of imprisonment.

The district court sentenced Fletcher to an eight month term of imprisonment. In imposing this sentence, the court addressed the effect of many of the factors set forth in 18 U.S.C. § 3553(a). The court considered the nature and circumstances of the offense when it explained that an inmate's possession of

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

contraband inside a prison is "not an insignificant offense." Doc. 38 at 21. The court also addressed the specifics of Fletcher's offense when it explained that Fletcher used the phone to post a Facebook video bragging about his ability to obtain a phone inside a federal prison. The court weighed Fletcher's history and characteristics when it discussed his prior criminal history and problems complying with authority. The court also addressed the need for the sentence to reflect the seriousness of the offense and to provide adequate deterrence when it stated that the court needed to send a message to prisoners that there would be consequences for possessing a phone in prison and then bragging about it. The court also considered the need to avoid unwarranted sentencing disparities. The court acknowledged that generally when a prisoner possessed contraband, the matter was handled administratively and did not lead to an indictment, but the court explained that this case was different because of the way in which Fletcher had publicized his offense. The court concluded the sentencing hearing by stating "I would have imposed the same eight-month sentence if he was at a level 4, or a level 6." Doc. 38 at 25. This is Fletcher's appeal.

## II.

In his appeal, Fletcher argues that the district court erred in refusing to apply a two-level reduction for acceptance of responsibility. We need not address that argument because any error was harmless.

6

We normally review the district court's interpretation and application of the Sentencing Guidelines *de novo* and its factual findings for clear error. *United States v. Doe*, 661 F.3d 550, 565 (11th Cir. 2011). When the district court says it would have imposed the same sentence even if it had calculated the Guidelines as the defendant proposed, "it is unnecessary for us to decide the enhancement issue" because, so long as the ultimate sentence was substantively reasonable, a decision regarding the correctness of the Guidelines' ruling "will not affect the outcome of [the] case." *United States v. Keene*, 470 F.3d 1347, 1348-49 (11th Cir. 2006). Thus, we will not review an acceptance of responsibility issue under the Guidelines when the district court tells us that the issue made no difference to the sentence it imposed. *Id.* at 1348. Instead, we will ensure that the actual sentence is reasonable under 18 U.S.C. § 3553(a). *Id.* at 1349-50. Under this approach, we use the advisory Guidelines range as it would have been had the district court decided the acceptance of responsibility issue in the defendant's favor. *See id.*

Here, the district court announced that it would have imposed the same eight-month sentence even if Fletcher were entitled to a two-level reduction in offense level for acceptance of responsibility. Our task, then, is whether the eight-month sentence the court imposed is reasonable, "assuming exactly the same conduct and other factors in the case, but using an advisory range of" two to eight months of imprisonment. *Id.*

To determine whether such a sentence is substantively reasonable, we must "consider the totality of the facts and circumstances." *See United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc). "The party challenging the sentence has the burden of showing that it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). The § 3553(a) factors include: the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence to reflect the seriousness of the offense, the need for the sentence to afford adequate deterrence to criminal conduct, the kinds of sentences available, the range established under the Sentencing Guidelines, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553 (a)(1)-(7). In general, "the weight accorded to any of those factors is committed to the sound discretion of the district court, and this Court will not substitute its judgment in weighing the relevant factors." *Dougherty*, 754 F.3d at 1361. We will vacate a sentence "if, but only if, we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). "[W]e ordinarily expect a sentence within the Guidelines range to be reasonable."

*United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted) (internal quotation marks omitted).

Even under the alternative Guidelines range, we conclude that Fletcher's sentence was reasonable. The facts developed during the guilty plea and sentencing show that while he was an inmate in the Atlanta penitentiary, Fletcher violated the law by obtaining two smartphones. He then publicized his possession of this contraband by posting a video on Facebook showing that he used the phone to have a lengthy FaceTime conversation with his family. He bragged on the video about how easily he could obtain phones in prison and discussed his involvement in a homicide. Although inmates who obtain phones in prison generally are not prosecuted for this violation of the law, it was reasonable for the district court to sentence Fletcher to an eight-month term of imprisonment here given his brazen conduct. Our conclusion that the sentence is reasonable is further supported by the fact that even if Fletcher had received an adjustment for acceptance of responsibility, his sentence still would have been within the Guidelines range and below the applicable statutory maximum.[2] *See Hunt*, 526 F.3d at 746; *United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2004) ("A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable

---

[2] The statutory maximum for Fletcher's offense is one year of imprisonment. *See* 18 U.S.C. § 1791(b)(4).

9

sentence."). Even under the alternative Guidelines range, the district court did not abuse its discretion in imposing Fletcher's sentence.

## III.

For these reasons, we affirm Fletcher's sentence.

**AFFIRMED.**